FREIDA JEAN FLEISCHER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fleischer v. Commissioner
Docket No. 30758-88
United States Tax Court
T.C. Memo 1992-470; 1992 Tax Ct. Memo LEXIS 497; 64 T.C.M. (CCH) 532; August 19, 1992, Filed *497 For Petitioner: Declan J. O'Donnell. For Respondent: Randall L. Preheim. SWIFT
SWIFT
MEMORANDUM OPINION SWIFT, Judge: This case is before us on petitioner's motion for summary judgment. Respondent determined deficiencies in petitioner's Federal income taxes, increased interest, and additions to tax as follows: Sec.
Year
Deficiency
6621(c)
1979
$ 24,637
--
1980
57,506
[1]
1981
49,564
[1]
1982
89,729
[1]
Increased Interest and Additions to Tax
Sec.
Sec.
Sec.
Sec.
Sec.
Year
6651(a)(1)
6653(a)
6653(a)(1)
6653(a)(2)
6659
1979
$ -- $ 1,232
$ -- --
$   -- 1980
-- 2,875
-- --
-- 1981
-- -- 2,478
[2]
14,850
1982
8,507
-- 4,586
[2]
26,894
The primary issue raised by petitioner's motion for summary judgment is whether the statute of limitations under section 6501(a) [1] bars respondent from assessing and collecting deficiencies in petitioner's individual Federal income *498 taxes. Petitioner lived in Las Vegas, Nevada, at the time the petition was filed in this case. During the years indicated, petitioner was a limited partner in the following limited partnerships: (1) Camel Fuel & Investment Co. (Camel Fuel) (1979 through 1982); (2) Posta Scale (1980 through 1982); (3) Mid Continent Drilling Associates (Mid Continent) (1981 through 1982); and (4) Dillon Oil Technology Partners (Dillon Oil) (1982). Camel Fuel, Posta Scale, and Dillon Oil timely filed partnership information returns for all of the years during which petitioner owned limited partnership interests therein. Mid Continent timely filed a partnership information return for 1981. The record, however, does not indicate whether Mid Continent filed a partnership information return for 1982. None of the limited partnerships executed agreements (Forms 872-A, Special *499 Consent to Extend the Time to Assess Tax) extending the period during which respondent could make adjustments to the limited partnerships' income for any of the years in issue. Petitioner timely filed individual Federal income tax returns for 1979 through 1981. Pursuant to section 6081, petitioner applied for an automatic 4-month extension of time in which to file her 1982 individual Federal income tax return, and on May 16, 1983, petitioner filed her 1982 Federal income tax return. Petitioner claimed substantial losses on her individual Federal income tax returns for all of the years in issue, which losses are attributable to petitioner's limited partnership interests in Camel Fuel, Posta Scale, Mid Continent, and Dillon Oil. On January 29, 1983, December 3, 1983, November 4, 1984, and January 25, 1986, petitioner executed Forms 872-A extending the period during which respondent could assess deficiencies in petitioner's Federal income taxes for 1979, 1980, 1981, and 1982, respectively. Petitioner did not execute any notices (Forms 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax) terminating petitioner's extension agreements for any of the years *500 in issue. On August 29, 1988, respondent issued notices of deficiency to petitioner for 1979 through 1982, in which notices respondent disallowed certain losses claimed by petitioner with respect to her limited partnership interests in Camel Fuel, Posta Scale, Mid Continent, and Dillon Oil. In the instant motion for summary judgment, petitioner contends that respondent's notices of deficiency were untimely because the notices reflect adjustments to the income of the limited partnerships in which petitioner owned limited partnerships interests, and because respondent's notices were not issued within 3 years from the date the limited partnerships filed their partnership information returns. Petitioner cites , revg. and remanding , as support for her contention. The U.S. Court of Appeals for the Ninth Circuit is the Court of Appeals to which an appeal from this case would be taken. Therefore, if applicable to the facts of this case, , would be controlling. See , *501 affd. . In , however, after the taxpayers had executed agreements extending the period during which respondent could assess a deficiency in their 1980 joint Federal income tax, respondent issued to the taxpayers a notice of deficiency for 1980 relating to income of a subchapter S corporation in which the taxpayers owned stock. The S corporation had not executed a separate agreement extending the period during which respondent, for 1980, could make adjustments to the S corporation's income. The Ninth Circuit held that the period of limitations under section 6501(a) running against respondent with respect to adjustments to the income of subchapter S corporations applies at the corporate level and therefore that respondent's notice of deficiency to the individual taxpayer-shareholders in that case was barred by the statute of limitations. Contra , affg. , cert. granted . In , *502 we distinguished , and we held that the filing of partnership information returns pursuant to section 6031 does not affect the 3-year statute of limitations applicable to individual partners' Federal income tax returns. As we explained in , the Ninth Circuit's analysis in Kelley was based on certain language in section 6037 which treats information returns that must be filed each year by subchapter S corporations as returns filed by corporations under section 6012 for purposes of chapter 66 (relating to limitations on assessment and collection of tax). Further, we indicated in Stahl that while section 6031 requires partnerships to file information returns each year, neither section 6031 nor any of the other partnership provisions contain language comparable to the language of section 6037 referred to above (pertaining to S corporations). . See , affd. , cert. denied ; *503 , affg. on this issue . Applying , to the facts of the instant case, we conclude that respondent issued the notices of deficiency to petitioner prior to the expiration of the periods of limitations on assessing against petitioner under section 6501(a) deficiencies in petitioner's individual Federal income taxes. We will therefore deny petitioner's motion for summary judgment. Petitioner also has requested that, pursuant to section 7482(a)(2)(A) and Rule 193(a), we certify for interlocutory appeal to the Ninth Circuit the order which will be issued in this case denying petitioner's motion for summary judgment. We are authorized to certify orders for interlocutory appeal if we conclude: (1) That a controlling question of law is involved; (2) that there is a substantial ground for difference of opinion with respect to the controlling question of law; and (3) that an immediate appeal of the order may materially advance the ultimate termination of the litigation. Sec. 7482(a)(2)(A); Rule 193(a). See , *504 affd. sub nom. ; ; . All three of the requirements must be satisfied before we will certify orders for interlocutory appeal. In order for a controlling question of law to present a substantial ground for difference of opinion, the question of law must represent a serious and unsettled legal issue. Petitioner contends that a denial of petitioner's motion for summary judgment will conflict with the Ninth Circuit's opinion in , and therefore that the issue in this case represents a serious and unsettled legal issue. As explained, however, in , we concluded that the Ninth Circuit's decision in , did not apply to adjustments of partnership income at the individual partner level. Further, in , the Second *505 Circuit held that the statute of limitations for assessing Federal income tax against individual partners based on adjustments to partnership items is measured from the date the individual partners' Federal income tax returns were filed -- not from the date of filing of partnership information returns. Because we conclude that there is not a substantial ground for difference of opinion in this case on a controlling question of law, we will deny petitioner's request for certification. An appropriate order will be issued. Footnotes
1. 120 percent of the interest accruing after Dec. 31, 1984, on the portion of the underpayment attributable to a tax-motivated transaction.↩
2. 50 percent of the interest due on the portion of the underpayment attributable to negligence.↩
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩